IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GBOLAHAN R. A. EYIOWUAWI, ) | |
| ) | |
| Plaintiff, ) | No. 05 C 5210 |
| ) | |
| v. ) | Wayne R. Andersen |
| ) | District Judge |
| CHICAGO MEDICAR COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM, OPINION, AND ORDER

*Pro se* plaintiff Gbolahan R. A. Eyiowuawi filed an action against defendant Chicago Medicar Company, alleging defamation by defendant's employees which resulted in his discharge from employment at John H. Stroger Hospital. This matter is now before the Court on Magistrate Judge Ashman's January 18, 2007 Report and Recommendation that this case be dismissed for want of subject matter jurisdiction. For the following reasons, we adopt Magistrate Judge Ashman's Report and Recommendation and dismiss this case.

## BACKGROUND

Plaintiff Gbolahan R. A. Eyiowuawi was employed by John H. Stroger Hospital as a scheduler dispatcher in the Home Transportation Department. Plaintiff alleges that during his employment, several employees of defendant, Chicago Medicar Company, made derogatory remarks regarding plaintiff's promiscuity and an alleged incident of sexual harassment at the hospital. These comments were allegedly verbalized to patients being transported by defendant and also distributed as written statements to Stroger Hospital personnel. Plaintiff claims these statements were made because of defendant's prejudice toward his Nigerian origin. Plaintiff

asserts that these statements resulted in his discharge from Stroger Hospital which caused pecuniary loss and emotional distress.

Magistrate Judge Ashman requested statements of federal jurisdiction from both parties on November 29, 2006. Plaintiff claims federal subject matter jurisdiction under 42 U.S.C. § 1983, arguing that defendant's actions constitute state action because defendant was contracted by Stroger Hospital, a governmental entity of Cook County. The defendant argues that the court does not have jurisdiction over the matter since all the facts in the complaint amount only to a civil slander action, not a federal question arising under the Constitution, laws, or treaties of the United States. On January 18, 2007, Magistrate Judge Ashman agreed with defendant and issued his Report and Recommendation that this case be dismissed for want of subject matter jurisdiction.

## DISCUSSION

Federal Rule of Civil Procedure 12(h)(3) demands that the Court dismiss an action when the Court lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3). Before dismissing a complaint, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). Additionally, the court must construe *pro se* complaints liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). However, the plaintiff must allege sufficient facts to allow the court to determine the gravamen of the complaint and whether the court has jurisdiction over the matter. *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir. 1996); *Rueth v. United States Environmental Protection Agency*, 13 F.3d 227, 229 (7th Cir. 1993).

Federal courts are courts of limited jurisdiction. *Bender v. Williamsport Area School*

*District*, 475 U.S. 534, 541 (1986). Consequently, even if plaintiff has a valid cause of action, he may not necessarily bring that case before a federal court. *Bender*, 475 U.S. at 541. A plaintiff may only bring suit in a federal court under diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331. Because both parties agree that plaintiff and defendant are both residents of Illinois, this Court may only have subject matter jurisdiction if the plaintiff's action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Plaintiff's complaint alleges defamation, a common-law state claim. Standing alone, those facts cannot support federal jurisdiction. However, in his statement of jurisdiction, plaintiff alleges defendant violated 42 U.S.C. § 1983. Section 1983 requires that the plaintiff allege that: (1) the defendant deprived the plaintiff of a right secured by the Constitution and laws of the United States, and (2) the defendant acted under color of state law. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996). Here, plaintiff alleges defendant's actions deprived him of his right to employment secured under the due process clause of the Fourteenth Amendment  The Constitution "does curtail the use of falsehoods that deprive a person of employment." *Davis v. City of Chicago*, 53 F.3d 801, 804 (7th Cir. 1995).

However, plaintiff cannot demonstrate that defendant was acting under color of state law. Defendant is a private party, not a government entity. Although plaintiff asserts that defendant was acting under color of law as a contractor of the governmental entity Stroger Hospital of Cook County, "acts of private contractors do not become acts of the government even when the former perform a significant amount of work under government contract." *Mosley v. DiRoberts*, 1986 U.S. Dist. LEXIS 18620 at *5 (1986) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982)). Because section 1983 does not protect the rights of individuals against infringement by private parties, the defendant's alleged actions of defamation do not amount to a constitutional violation.

42 U.S.C. § 1983. Accordingly, plaintiff's suit does not arise under the Constitution, laws, or treaties of the United States, and therefore has no federal subject matter jurisdiction under 28 U.S.C. § 1331.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Ashman's Report and Recommendation [22] and dismisses this case.

IT IS SO ORDERED.

ENTERED:

WAYNE R. ANDERSEN
District Judge

Dated: March 5, 2007